Honorable Joseph Zarelli Washington State Senate P.O. Box 40418 Olympia WA 98504-0418
Dear Senator Zarelli:
By letter previously acknowledged, you have requested our opinion on a question based on the following factual background provided in your inquiry.
 FACTUAL BACKGROUND
An election in which a school bond is voted upon must be supported by a resolution issued by the school district's board of directors. The contents of the resolution are the subject of RCW 28A.530.020(2), discussed below. You are considering drafting legislation that would clarify this section of law or other relevant sections that arise as you continue research.
Based on the foregoing facts, you have posed the following question:
 What degree of specificity is required for a school board resolution to satisfy RCW 28A.530.020(2) with respect to (1) the terms of the debt financing measure, (2) the projects or buildings to be constructed or remodeled, and (3) any other specifics determined to be relevant in regard to the building of school facilities?
 BRIEF ANSWER
A resolution adopted by a school district board of directors pursuant to RCW 28A.530.020 must state the maximum amount and maximum term of bonds to be issued. The resolution must also identify the specific buildings that will be the subject of acquisitions or alterations, and it must contain such other information as will fairly inform the voters of the general nature and extent of the proposed project(s) to be funded with the bond proceeds.
ANALYSIS
The Statutory Provisions
RCW 28A.530 relates to school district bonds for land, buildings, and equipment. RCW 28A.530.010 authorizes the board of directors of any school district to "borrow money and issue negotiable bonds" for certain specified purposes.[1] RCW 28A.530.020 requires that any such bonds first be approved by voters pursuant to a ballot measure submitted for that purpose. For ease of reference, that section is set forth in its entirety below:
 (1) The question whether the bonds shall be issued, as provided in RCW 28A.530.010, shall be determined at an election to be held pursuant to RCW 39.36.050. If a majority of the votes cast at such election favor the issuance of such bonds, the board of directors must issue such bonds: PROVIDED, That if the amount of bonds to be issued, together with any outstanding indebtedness of the district that only needs a simple majority voter approval, exceeds three-eighths of one percent of the value of the taxable property in said district, as the term "value of the taxable property" is defined in RCW 39.36.015, then three-fifths of the votes cast at such election must be in favor of the issuance of such bonds, before the board of directors is authorized to issue said bonds.
 (2) The resolution adopted by the board of directors calling the election in subsection (1) of this section shall specify the purposes of the debt financing measure, including the specific buildings to be constructed or remodeled and any additional specific purposes as authorized by RCW 28A.530.010. If the debt financing measure anticipates the receipt of state financing assistance under chapter 28A.525 RCW, the board resolution also shall describe the specific anticipated purpose of the state assistance. If the school board subsequently determines that state or local circumstances should cause any alteration to the specific expenditures from the debt financing or of the state assistance, the board shall first conduct a public hearing to consider those circumstances and to receive public testimony. If the board then determines that any such alterations are in the best interests of the district, it may adopt a new resolution or amend the original resolution at a public meeting held subsequent to the meeting at which public testimony was received.
RCW 28A.530.020 (emphasis added).
The Terms Of The Debt Financing Measure
The first part of your question asks about the degree of specificity required with respect to the terms of the debt financing measure. There are two statutory provisions of primary relevance to this part of your question. First, as noted above, RCW 28A.530.020(1) provides in part that whether bonds shall be issued shall be determined at an election to be held pursuant to RCW 39.36.050. This latter section provides in pertinent part that the "ballot proposition shall include the maximum amount of the indebtedness to be authorized, the maximum term any bonds may have, a description of the purpose or purposes of the bond issue, and whether excess property tax levies authorized under RCW 84.52.056 will be authorized." RCW 39.36.050. Thus, any resolution adopted pursuant to RCW 28A.530.020 must contain at least such details.
Second, RCW 28A.530.010 identifies procedural steps which school district boards of directors must take when they issue bonds. This section provides in part that such bonds "shall be issued and sold in accordance with chapter 39.46 RCW." RCW 28A.530.010. RCW 39.46 ("Bonds — Other Miscellaneous Provisions Registration") in turn establishes certain technical requirements with respect to such bonds. Insofar as is relevant to your question, RCW 39.46.040 provides in part as follows:
 A local government[2] authorized to issue bonds shall determine for the bond issue its amount, date or dates, terms not in excess of the maximum term otherwise provided in law, conditions, bond denominations, interest rate or rates, which may be fixed or variable, interest payment dates, maturity or maturities, redemption rights, registration privileges, manner of execution, price, manner of sale, covenants, and form, including registration as to principal and interest, registration as to principal only, or bearer. Registration may be as provided in RCW 39.46.030.
As can be seen, while RCW 39.46.040 requires the board of directors to determine certain important and specific technical characteristics of the bond issue, it does not require the board to specify such things in the resolution authorizing the bond measure to be placed on the ballot. Rather, all that the board of directors must specify with respect to such matters in the resolution adopted pursuant to RCW 28A.530.020(2) is, as indicated, the maximum amount of the indebtedness and the maximum term any bonds may have.[3]
The Buildings Or Projects To Be Constructed Or Remodeled
The second part of your question asks about the degree of specificity required in the resolution with respect to the projects or buildings to be constructed or remodeled. The language of RCW 28A.530.020(2) was enacted into law in 1995. Prior to that time, state law did not require school districts to use bond funds for the purposes that the districts identified in connection with the ballot measures for such bonds. Substitute House Bill (SHB) 1777 from the 1995 legislative session, eventually codified in RCW 28A.530.020,[4] was enacted with the intention of requiring school districts to commit to specified purposes for the bond proceeds prior to placing a bond measure on the ballot.[5]
The language of RCW 28A.530.020(2) makes abundantly clear that the Legislature intended that, at the very least, the particular buildings to be constructed or remodeled with bond proceeds must be specified in the resolution. That section also requires the school district to "specify" any additional purposes for the bond proceeds.
Although the Legislature did not expressly define this term, similar language in other statutes[6] has been the subject of published court decisions. For example, in Langdon v. City of Walla Walla, 112 Wash. 446,193 P. 1 (1920), our state Supreme Court considered the degree of specificity required in a city ordinance pursuant to which a city sought to acquire and improve a water system. The statute at issue in that case required the city to adopt an ordinance that would "specify and adopt the system or plan proposed, and declare the estimated cost thereof as near as may be." Id. at 469. In rejecting an assertion that the resolution was insufficiently specific, the court stated that "[w]e think it is contemplated by the statute that the system and plan proposed need be specified only in such general terms as will fairly inform the voters of the general nature and extent of the proposed improvements". Id. at 469.[7] See also Seymour v. City of Tacoma, 6 Wash. 138, 149-50,32 P. 1077 (1893) (rejecting assertion that ordinance for purchase of and expansion to water system was too vague to satisfy requirement that ordinance "specify and adopt the system or plan proposed"[8] and stating that "[s]omething must be entrusted to the mayor and council, and it is to be presumed that they will see after titles, size of pipes, capacity of pumps, permanency and purity of supply, and all such matters of detail, and that general information will naturally be diffused through the community upon all these subjects during the period of notice [preceding the election].").
In Paine v. Port of Seattle, 70 Wash. 294, 126 P. 628 (1912), the Supreme Court heard a challenge to a port district resolution that authorized the placement on the ballot of a bond issue for the construction of certain improvements. The relevant statute required the port commission, among other things, to "adopt the detail plans, [and] declare the estimated cost thereof . . . [and] the annual expenditures to be made thereon". In upholding the resolution,[9] the Supreme Court stated that:
 We do not think it was necessary that the plans and specifications to be adopted at that time should be such complete detailed plans and specifications as would be necessary to have for the final construction of the improvement. We think the statute is satisfied when the adopted plans are such as to fairly inform the voters of the general nature and extent of the proposed improvement.
Paine, 70 Wash. at 314. Cf. State ex rel. Close v. Meehan, 49 Wn.2d 426,431, 302 P.2d 194 (1956) (alternate site for sewage treatment plant which was subject of proposed initiative was not part of "system or plan" which governing body had already specified in ordinance, and thus governing body not required to act on or place proposed initiative on ballot).
These cases stand for the proposition that a governing body's obligation to "specify" the purpose or purposes of a proposed bond issue generally means providing such information and detail as is necessary to fairly inform voters of the general nature and extent of the project(s) to be funded. Based upon both these cases and the language of RCW28A.530.020(2), we think this means that a school board resolution to be adopted pursuant to RCW 28A.530.020 must identify the specific buildings or sites to be purchased, constructed, or remodeled. In addition, we think that the resolution must contain such other information and detail as will fairly inform voters of the general nature and extent of the project(s) to be funded. Thus, for example, a project which involves the construction, equipping, and furnishing of a building should describe the general nature of each (e.g., construction of new elementary school, purchase of new classroom furniture and computer equipment).[10]
Similarly, and by way of further example, the resolution should contain a general description of the types of any structural changes to existing buildings proposed to be funded by bond proceeds (e.g., roofing improvements, exterior renovations).[11]
We believe that this approach is consistent with the case law discussed above as well as with the dictionary definition of the terms used in RCW28A.530.020(2). As noted above, the resolution must identify "specific" buildings affected and additional "specific" purposes. "Specific" means "constituting or falling into a specifiable category" or "sharing or being those properties of something that allow it to be referred to a particular category." Merriam Webster OnLine Dictionary, available at
http://m-w.com/cgi-bin/dictionary?book=dictionaryva=specificx=123y=14 (visited July 19, 2005). Thus, by providing a general description of the project to be funded (including relevant categories of expenditures) in such manner as fairly informs voters of the general nature and extent of the project, we believe a school district board of directors complies with the requirements of RCW 28A.530.020(2).
Other Specifics Regarding Proposed Capital Expenditures
The last part of your question asks about "any other specifics" determined to be relevant to the building of school facilities. We believe that the question of how much specificity such a school board resolution should contain is essentially a policy issue that involves, among other things, a balancing of a school district's interest in effective and efficient capital planning and the electorate's interest in having a say in whether and how tax dollars should be spent. Such matters are for the Legislature to decide. However, we would encourage all stakeholders to participate in any such discussions so that any amendments to existing law be made on the basis of a full and accurate assessment of the various interests that may be affected.
We trust the foregoing will prove useful to you.
Sincerely,
ROB MCKENNA, Attorney General
ROBERT J. FALLIS, Assistant Attorney General
:pmd
[1] These purposes are:
 (1) Funding outstanding indebtedness or bonds theretofore issued; or (2) For the purchase of sites for all buildings, playgrounds, physical education and athletic facilities and structures authorized by law or necessary or proper to carry out the functions of a school district; or (3) For erecting all buildings authorized by law, including but not limited to those mentioned in subsection (2) of this section immediately above or necessary or proper to carry out the functions of the school district, and providing the necessary furniture, apparatus, or equipment therefore; or (4) For improving the energy efficiency of school district buildings and/or installing systems and components to utilize renewable and/or inexhaustible energy resources; or (5) For major and minor structural additions to buildings, structures, facilities and sites necessary or proper to carrying out the functions of the school district; or (6) For payment of (a) an installment purchase contract for school plant facilities or (b) a financing lease the term of which is ten years or longer and that contains an option by the school district to purchase the leased property for nominal consideration, but only to the extent such payment constitutes a capital expenditure; or (7) For any or all of these and other capital purposes.
RCW 28A.530.010.
[2] "Local government" means "any county, city, town, special purpose district, political subdivision, municipal corporation, or quasi municipal corporation, including any public corporation created by such an entity." RCW 39.46.020(2).
[3] Cf. Parkinson v. Seattle Sch. Dist., 28 Wash. 335, 68 P. 875 (1902) (school district board of directors not required to submit for voter approval matter of bond interest rate).
[4] SHB 1777 was originally codified in RCW 28A.535, which pertains to a school district's authority to validate and ratify indebtedness. In 1996, the Legislature moved the language of SHB 1777 to RCW 28A.530, which pertains to a school district's authority to borrow money and issue bonds. See Laws of 1996, ch. 48.
[5] See Final Legislative Report, 54th Leg., at 126-27 (Wash. 1995); H.B. Rep. on HB 1777, 54th Leg., Reg. Sess. (Wash. 1995); S.B. Rep. on SHB 1777, 54th Leg., Reg. Sess. (Wash. 1995). The substitute bill added a provision pursuant to which school districts may modify the original resolution if circumstances change, apparently in response to concerns that the original bill, which did not contain such a provision, would not have provided school districts enough flexibility in their capital planning and expenditures.
[6] "Specify" is a verb that the Legislature has commonly used in connection with actions by governing bodies to place bond measures on the ballot. See, e.g., RCW 35.67.030 (requiring legislative body of city or town to "specify" system or plan of sewerage system additions, betterments, alterations, or extensions for which public approval of bond funding is sought); RCW 70.44.110 (requiring public hospital district to "specify and adopt" plan for acquiring or constructing public hospital or other health care facilities or making additions, betterments, or extensions thereto); RCW 54.24.018 (requiring public utility district commissioners to "specify and adopt" system or plan for purchase, condemnation, acquisition or construction of public utilities, or for making of additions or betterments thereto).
[7] According to the opinion, the proposition set forth in the ordinance was, in substance,
 that there shall be constructed a 24,000,000 gallon concrete reservoir, specifying its approximate location, which shall be connected with the pipe lines of the city's distributing system; that a new diversion dam and intake be constructed on Mill creek, within the Wenaha National Forest Reserve in Umatilla county, Or., to be connected by pipe lines with the city's existing system; that the city acquire title to, or permanent control over, such lands in Umatilla county, Or., as may be necessary to make the proposed additions, betterments, and extensions, and to preserve the purity of the water to be used[.]
 Langdon, 112 Wash. at 449-50.
[8] The ordinance at issue provided in part that
 If said city shall become the owner of said waterworks and electric light plant, and sources of supply, it will extend said waterworks, by additions thereto by a gravity system, so that the same shall be sufficient to adequately supply the said city and its inhabitants with pure, fresh water, sufficient for all their necessary uses, which extensions shall be substantially as follows: Thirty-eight inch conduit pipe from Patterson and Thomas springs to the reservoir of the Tacoma Light and Water Company in the city of Tacoma, distant from said Patterson springs about sixteen miles, and distant about thirteen miles from said Thomas springs; connections from reservoir site to station B of the Tacoma Light and Water Company near the intersection of Hood and O streets in said city; the erection of a hydraulic pump at a suitable junction of the waters of said springs; the estimated cost of which extensions is four hundred thousand dollars.
 Seymour, 6 Wash. at 140.
[9] The court's opinion described the resolution as containing "the description of the land and the location upon the land of the docks, wharves, and other improvements to be constructed, and giving the respective sizes, shapes and contours of each of said buildings and improvements, and the nature of the material of which the same is to be constructed, and also making an estimate as to the cost of each of said improvements." Paine, 70 Wash. at 314.
[10] See RCW 28A.530.010(3) (authorizing issuance of bonds for "erecting all buildings authorized by law, including but not limited to those mentioned in subsection (2) of this section immediately above or necessary or proper to carry out the functions of a school district, and providing the necessary furniture, apparatus, or equipment therefore").
[11] See RCW 28A.530.010(5) (authorizing issuance of bonds for "major and minor structural changes and structural additions to buildings, structures, facilities and sites necessary or proper to carrying out the functions of the school district").